Filed 12/29/25

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102342 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F04634) |
| v. | |
| WILLIAM EUGENE SALSTROM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Peter K. Southworth, Judge. Affirmed as modified.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Ivan P. Marrs and Dina Petrushenko, Assistant Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts I and II of the Discussion.

1

At a resentencing hearing under Penal Code[1] section 1172.75 for defendant William Eugene Salstrom, the trial court struck prior prison term enhancements but declined to further modify defendant's sentence. Defendant appeals, arguing the trial court violated his constitutional rights by reimposing an upper term sentence, the trial court violated section 1385 when it declined to strike an enhancement, and a restitution fine must be vacated under section 1465.9. We vacate defendant's restitution fine but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, defendant was sentenced with a prior strike conviction to 42 years four months based on convictions for voluntary manslaughter (upper term doubled for 22 years), robbery (one-third the midterm for two years), possession of a firearm (one-third the midterm for one year four months), a firearm enhancement (10 years), and seven prior prison term enhancements (seven years). The original abstract of judgment also listed two restitution fines of $5,000 under section 1202.4, subdivision (b) and section 1202.45.

In 2023, the Department of Corrections and Rehabilitation provided a list to the trial court identifying defendant as eligible for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), codified as section 1172.75, to strike his prior prison term enhancements. Defendant filed a sentencing brief requesting the seven prior prison term enhancements be stricken, as well as asking the court to strike the prior strike, stay the firearm enhancement, and resentence defendant to the middle term for his voluntary manslaughter conviction.

The trial court held a resentencing hearing on October 25, 2024. The trial court first addressed the upper term issue and found that, under *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), it did not need to find aggravating

---

[1]     Further undesignated section references are to the Penal Code.

factors true to maintain defendant's upper term sentence.  The trial court then declined to strike the prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and the firearm enhancement under section 1385.  Thus, without the seven prior prison term enhancements, the trial court sentenced defendant to a total of 35 years four months, and "reimpose[d] the fines and fees originally imposed, as well as the restitution obligation to the victim."  Defendant stated he had paid all restitution, and the court responded:  "Okay.  I just reimposed it.  If it's paid, great."  Defendant's updated abstract of judgment noted the restitution fines under section 1202.4, subdivision (b) and section 1202.45 were "stayed."  (Capitalization omitted.)

Defendant appeals.

## DISCUSSION

## I

### *The Trial Court Did Not Err By Reimposing The Upper Term*

Defendant first argues the trial court erred "when it reimposed the upper-term sentence without finding beyond a reasonable doubt that there were any aggravating circumstances."  Defendant acknowledges another panel of this court rejected this argument in *Brannon-Thompson* but asks us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-Thompson*.  We agree with the People that *Brannon-Thompson* is better reasoned.

## A

### *Relevant Sentencing Laws*

Section 1172.75, effective in 2022, generally invalidates prior prison term enhancements imposed under section 667.5, former subdivision (b), with some exceptions not relevant here.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that

3

reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)  In addition, section 1172.75, subdivision (d)(4) provides:  "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (Italics added.)

Defendant contends the trial court violated the Sixth Amendment to the United States Constitution by reimposing the upper term during the section 1172.75 resentencing.  Under the Sixth Amendment, a person accused of a crime has the right to a trial by an impartial jury and to have each element of a crime proven to the jury beyond a reasonable doubt.  (U.S. Const., 6th Amend.; *Alleyne v. United States* (2013) 570 U.S. 99, 104; *Apprendi v. New Jersey* (2000) 530 U.S. 466, 476.)  In *Cunningham v. California* (2007) 549 U.S. 270, 274-275, the Supreme Court invalidated California's former determinate sentencing scheme (former § 1170), which at the time authorized the judge, not the jury, to find facts by a preponderance of the evidence exposing a defendant to an elevated upper term.  This was the operative version of section 1170 at the time of defendant's original sentencing in 2003.  (Former § 1170.)  The Supreme Court found the Sixth Amendment requires "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence."  (*Cunningham*, at p. 281.)

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) changed California's determinate sentencing laws by amending section 1170, subdivision (b) to prohibit imposition of an upper term sentence unless aggravating circumstances justify the upper term and the facts underlying those circumstances, other than a prior conviction, have been stipulated to by the defendant or found true beyond a reasonable

4

doubt by the trier of fact in a jury or court trial. (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Prior conviction allegations may be tried by the court alone and proven by certified records of conviction. (§ 1170, subd. (b)(3).)

In *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) our Supreme Court considered the application of amended section 1170, subdivision (b) to sentences imposed under the former law where the judgment was not yet final on appeal. (*Lynch*, at pp. 742-743.) Applying the amended statute retroactively, the court found "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.)

Shortly before our Supreme Court decided *Lynch*, the United States Supreme Court decided *Erlinger v. United States* (2024) 602 U.S. 821. In *Erlinger*, the high court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses, including whether [the defendant] committed them on different occasions" within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)). (*Erlinger*, at pp. 836-837; see *id*. at p. 825.) Instead, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Erlinger*, at p. 838.)

## B

### *Defendant Has Not Shown Error*

Defendant argues, based on *Lynch* and *Erlinger*, the trial court violated the Sixth Amendment by reimposing the upper term without complying with amended section 1170, subdivision (b) and that the error was prejudicial. We disagree.

As defendant recognizes, there is a split of authority on whether amended section 1170, subdivision (b)'s new proof requirements apply in a section 1172.75 resentencing proceeding where a defendant was originally sentenced to the upper term. (Compare *Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458 [aggravating factors need not be found true beyond a reasonable doubt in a § 1172.75 proceeding when the upper term was previously imposed] with *Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329, 330 [disagreeing with *Brannon-Thompson* given *Lynch*'s 6th Amend. concerns].)

In *Brannon-Thompson*, this court found the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.) As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

Because the upper term had previously been imposed, under *Brannon-Thompson*, the trial court here could reimpose the upper term for the voluntary manslaughter count during the section 1172.75 resentencing without relying on any aggravating circumstances proven pursuant to section 1170, subdivision (b). Thus, the trial court did not err in sentencing defendant to the upper term without any such circumstances.

Defendant urges us not to follow *Brannon-Thompson* and asks us to instead follow *Gonzalez*. The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring

6

proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329.) The *Gonzalez* court, however, feared "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*Lynch, supra*, 16 Cal.5th 730]." (*Gonzalez*, at p. 330.)

Our Supreme Court has granted review on this issue. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.) In the meantime, we respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California, supra*, 549 U.S. at p. 281.) There is no dispute that, under *Lynch* and *Erlinger*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. As our Supreme Court explained, "[U]nder the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*Lynch, supra*, 16 Cal.5th at p. 760.) But, section 1172.75, subdivision (d)(4) "carves out an exception" to the factfinding requirements of section 1170, subdivision (b). (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 458.) Because those factfinding requirements do not apply when *reimposing* the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

In light of our conclusion section 1172.75, subdivision (d)(4) carves out an exception to the section 1170, subdivision (b) factfinding requirements for aggravating

circumstances for previously imposed upper term sentences, the trial court did not err or violate the Sixth Amendment in reimposing the upper term on defendant's voluntary manslaughter count during the section 1172.75 resentencing proceeding.

## II

*Defendant Has Not Established Error With The Trial Court's Section 1385 Analysis*

Defendant next contends the trial court erred under section 1385 by not finding "reducing [defendant's] sentence 'would endanger public safety.' " We disagree.

Section 1385, subdivision (c)(1) states, in relevant part, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

We review the trial court's decision not to strike an enhancement under section 1385 for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

The only mitigating factor defendant asserted in his opening brief applied here under section 1385 was that his sentence exceeds 20 years with the enhancement. Defendant stated: "[T]he court did not consider or 'afford great weight to' the fact that the imposition of the firearm enhancement 'could result in a sentence of over 20 years' pursuant to section 1385, subdivision (c)(2)(C)." But we agree with the People this is a misinterpretation of the statute. Defendant's sentence was over 20 years before the enhancement was applied, and for the mitigating circumstance to apply the sentence must

8

be over 20 years *because* of the enhancement. (*People v. Torres* (2025) 113 Cal.App.5th 88, 93 ["this provision does not apply where the enhancement itself does not 'result' in a sentence exceeding 20 years"].)

Defendant, in his reply brief, asserts the trial court is not constrained by the specifically enumerated mitigating factors in section 1385, subdivision (c)(2) and could have found in mitigation defendant's " 'exceptionally good behavior' in prison over the past 13 years, [defendant's] age, and his diminished health." This argument is forfeited because it was not made in his opening brief. (*Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115 ["An appellant . . . forfeits an issue by failing to raise it in his or her [or their] opening brief"].)

Defendant therefore has not established any mitigating factors under section 1385 could apply. Defendant has also consequently failed to establish error in the trial court not specifically analyzing whether dismissal of the firearm enhancement would endanger public safety because that analysis in section 1385 applies only if the defendant has offered evidence of an applicable mitigating factor. (§ 1385, subd. (c)(2).) Thus, we conclude defendant has not established the trial court erred by not dismissing defendant's firearm enhancement under section 1385.

III

*Defendant's Restitution Fine Must Be Vacated*

Finally, defendant argues, "Staying the restitution fine was unlawful because a restitution fine that is over ten years old must be 'vacated' " under section 1465.9. The People disagree, contending section 1465.9 does not apply because defendant's "current restitution fine was imposed when he received a full resentencing in October 2024, and 10 years have not elapsed from that date." We conclude defendant's position is more persuasive.

The parties' dispute raises a question of statutory interpretation, which is a question of law subject to this court's independent review. (*John v. Superior Court*

9

(2016) 63 Cal.4th 91, 95.) "[T]he fundamental goal of statutory interpretation is to ascertain and carry out the intent of the Legislature." (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) "We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

There are two statutes at issue here. First, section 1202.4, subdivision (b) mandates when "a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Second is section 1465.9, which was amended effective January 1, 2025, to add subdivision (d), (Assem. Bill No. 1186 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1)) and now states: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

We acknowledge trial courts have jurisdiction to modify "every aspect" of a sentence at a full resentencing, including fines. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Rosas* (2010) 191 Cal.App.4th 107, 117; *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34.) But the trial court did not impose a new restitution fine at the resentencing. The trial court stated it "reimpose[d] the fines and fees *originally* imposed" and after defendant asserted he had paid all restitution, the court stated: "Okay. I just *reimposed* it. If it's paid, great." (Italics added.) The trial court here clearly intended to

10

impose the original restitution fine, not an additional, new obligation under section 1202.4, subdivision (b). Thus, under section 1465.9, the trial court's resentencing judgment reimposing this fine more than 10 years after its original imposition date must be vacated.

We find no support for the People's implicit position that this reimposition restarted section 1465.9's 10-year clock anew. Section 1465.9's plain language evinces a legislative intent to finally, and conclusively, eliminate restitution fines under section 1202.4, subdivision (b) after 10 years. There is no language indicating the possibility of a later reimposition of the same restitution fine based on the same crime could reverse this finality. Legislative history of the bill implementing section 1465.9, subdivision (d) further supports our conclusion. The author of the bill stated it would "vacate[] debt for . . . restitution fines that are older than 10 years, *in perpetuity*," because such debts "compound the collateral consequences of an adjudication or conviction [and] exacerbate the cycle of poverty." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1186 (2023-2024 Reg. Sess.) as amended June 24, 2024, italics added.)

Further, allowing trial courts to reimpose a restitution fine under section 1202.4, subdivision (b) originally imposed more than 10 years prior could render section 1465.9 effectively meaningless for any defendant who is subject to a full resentencing. And if we construed section 1465.9, subdivision (d)'s 10-year clock as resetting at every resentencing, defendants would be penalized for successfully obtaining a reduction in sentence. (Cf. *People v. Ali* (1967) 66 Cal.2d 277, 281 ["a defendant should not be required to risk being given greater punishment on a retrial for the privilege of exercising his[, her, or their] right to appeal"].) We have no reason to believe the Legislature intended to provide trial court's discretion to arbitrarily delay relief for defendants who have been resentenced, particularly where the resentencing had no effect on the restitution fine and the resentencing was not initiated by the defendant.

11

For all these reasons, we reject the People's interpretation of section 1465.9. We therefore conclude defendant's restitution fine under section 1202.4, subdivision (b), originally imposed in 2003, must be vacated pursuant to section 1465.9.

DISPOSITION

The $5,000 restitution fine imposed pursuant to section 1202.4, subdivision (b) is vacated. The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated. The trial court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
RENNER, J.


/s/_____
WISEMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.